1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ANGEL S. HOWE,                          No. 2:17-CV-2506-DMC

12                    Plaintiff,

13         v.                                  MEMORANDUM OPINION AND ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                     Defendant.
16

17

18          Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19   review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20   Pursuant to the written consent of all parties (Docs. 3, 7, and 15), this case is before the

21   undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28

22   U.S.C. § 636(c).  Pending before the court are the parties' briefs on the merits (Docs. 13 and 16).

23          The court reviews the Commissioner's final decision to determine whether it is:

24   (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

25   whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

26   more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

27   (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

28   a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I.  THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).   The sequential evaluation proceeds as follows:

Step 1    Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2    If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3    If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

/ / /

/ / /

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

3

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on July 24, 2014.  See CAR 17.[1]  At the hearing, plaintiff claims disability began on June 10, 1997.  See id.  In her brief, plaintiff claims she is disabled "due to bilateral carpal tunnel bilateral."  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on July 7, 2016, before Administrative Law Judge (ALJ) Carol L. Buck.  In an October 20, 2016, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

    1.     The claimant has the following severe impairment(s): bilateral carpal tunnel syndrome; obesity; bipolar disorder; substance abuse in partial remission; and deafness in her left ear;

    2.     The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

    3.     The claimant has the following residual functional capacity: light work; claimant can frequently perform bilateral handling and manipulations; claimant is able to understand, remember, and carry out simple tasks, with only occasional public contact; claimant may tolerate only a moderate noise environment;

    4.     Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant is capable of performing other jobs that exist in significant numbers in the national economy.

See id. at 19-26.

After the Appeals Council declined review on September 29, 2017, this appeal followed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1]    Citations are the to the Certified Administrative Record (CAR) lodged on April 13, 2018 (Doc. 9).

# III. DISCUSSION

In her motion for summary judgment, plaintiff argues the ALJ failed to articulate sufficient reasons for rejecting her statements and testimony as not credible.

### 1.    The ALJ's Analysis

At Step 4, the ALJ evaluated the credibility of plaintiff's statements and testimony to determine her residual functional capacity.  See CAR 22-24.  Regarding plaintiff's credibility, the ALJ summarized plaintiff's testimony and statements as follows:

> The claimant testified at the hearing that she has not worked since before her alleged onset date of July 2014,[2] and does not have a drivers' license due to unpaid tickets.  She testified that she is unable to work due to bipolar disorder, depression and her "explosive tendencies."  She additionally asserts that she has carpal tunnel, and thus has trouble holding things in her hands due to numbness.  She testified that she needs help buttoning her pants, brushing her hair, and cooking dinner, due to pain and swelling, and can carry a 32-ounce water bottle for only ten to 20 feet before she has to put it under her arm.  In addition, the claimant states that she is deaf in her left ear and thus can only hear loud or high-pitched noises, but admits she was diagnosed when she was a child.  Finally, the claimant testified that she has experienced weight gain since she stopped using methamphetamine in September 2014.  Her statements of record, including those in several disability reports, a function report, and as [sic] asthma questionnaire, are essentially consistent with her testimony (Exhibits C1E-C4E; C6E-C7E; C9E-C10E).

CAR 22-23.

After discussing the objective medical evidence, the ALJ evaluated the credibility of plaintiff's statements and testimony:

> The claimant's allegations regarding the severity of her symptoms and limitations are greater than expected in light of the objective evidence of record.  Specifically, the evidence does not support the conclusion that the claimant is entirely unable to work as the result of her physical or mental impairments.  Specifically, while the claimant has been diagnosed with carpal tunnel syndrome, the record does not reflect any significant positive examination findings in the past few years, and she has declined surgery.  Moreover, while the claimant asserts she is deaf in her left ear, she admits this has been the case since childhood, and the record does not contain objective testing of her hearing.  The residual functional capacity determined herein accommodates the claimant's physical impairments, including her carpal tunnel, limited hearing, and obesity.  As discussed in

---

[2]    The reference to a July 2014 onset date appears to be in error.  Plaintiff applied for benefits in July 2014, alleging disability beginning in 1997.

detail above at Finding 2,[3] the claimant's other impairments either do not pose any significant limitations, or can be managed medically once she stops using alcohol. In terms of the claimant's mental impairments, the record consistently reflects that she is still consuming approximately one quart of alcohol per day, if not more, and it is unclear how much this usage affects her mental status. Regardless, the claimant's mental status examinations are mostly unremarkable, except for poor insight regarding her substance abuse. The only exceptions occur when the claimant is exposed to external stressors concerning her homelessness. Accordingly, the claimant's mental impairments cannot result in a finding of disability.

CAR 24.

2.      Plaintiff's Contentions

Plaintiff argues:

The ALJ found that Howe's allegations regarding the severity of her symptoms and limitations are greater than expected in light of the objective evidence of record. AR 24. Specifically, to the carpal tunnel, the ALJ identified non-positive examination findings and not wanting surgery in assessing Howe's symptoms. AR 24. Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005).
Not so. Howe received injection in her left hand in January 2013, and the record indicates that an electrodiagnostic study showed positive findings in the right hand in November 2013. AR 387, 607. In September 13, 2011, Howe declined right hand grip testing due to pain, and showed some left-hand pain with testing. AR 274-275. Howe showed good range of motion, wrist tenderness, positive Romberg sign and Tinel's sign, sensory loss in three fingers, and positive Phalen's sign. AR 276. It is legal error for the ALJ to isolate portions of the record. *Reddick v. Chater*, 157 F.3d at 720 (requiring that the Commissioner and her ALJs view the record as a whole rather than parceling out a quantum of evidence here and there); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence."); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (error for ALJ to "selectively focus[ ] on ... [evidence] which tend[s] to suggest non-disability")*; Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (error for ALJ to ignore or misstate competent evidence in order to justify his conclusion).

Notably, plaintiff does not address the ALJ's adverse credibility finding with respect to her

mental impairments. Nor does plaintiff raise any claims of error related to any impairment other

than carpal tunnel syndrome.

---

[3]      Finding 2 constitutes the ALJ's Step 2 severity determination, which plaintiff does not challenge.

3.      Applicable Legal Standards

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).  An explicit credibility finding must be supported by specific, cogent reasons.  See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990).  General findings are insufficient.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony.  See id.  Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing."  See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof.  Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom.  By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell, 947 F.2d at 345-47.  In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5)

physician and third-party testimony about the nature, severity, and effect of symptoms.  See

Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the

claimant cooperated during physical examinations or provided conflicting statements concerning

drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the

claimant testifies as to symptoms greater than would normally be produced by a given

impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See

Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

Regarding reliance on a claimant's daily activities to find testimony of disabling

pain not credible, the Social Security Act does not require that disability claimants be utterly

incapacitated.  See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989).  The Ninth Circuit has

repeatedly held that the ". . . mere fact that a plaintiff has carried out certain daily activities . . .

does not . . .[necessarily] detract from her credibility as to her overall disability."  See Orn v.

Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th

Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a

claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic

restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the

claimant was entitled to benefits based on constant leg and back pain despite the claimant's

ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home

activities are not easily transferable to what may be the more grueling environment of the

workplace, where it might be impossible to periodically rest or take medication").   Daily

activities must be such that they show that the claimant is ". . .able to spend a substantial part of

his day engaged in pursuits involving the performance of physical functions that are transferable

to a work setting."  Fair, 885 F.2d at 603.  The ALJ must make specific findings in this regard

before relying on daily activities to find a claimant's pain testimony not credible.  See Burch v.

Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

/ / /

/ / /

/ / /

1          4.    Disposition

2                 Plaintiff's argument focuses solely on the ALJ's adverse credibility finding with

3    respect to carpel tunnel syndrome.  As to plaintiff's testimony and statements concerning

4    limitations associated with this impairment, the ALJ's adverse credibility finding is based on a

5    lack of ". . . any significant positive examination findings in the past few years, and she has

6    declined surgery."  CAR 24.  According to plaintiff, the ALJ's finding in this regard is flawed

7    because the ALJ misstated the evidence regarding the record of plaintiff's treatment for carpal

8    tunnel syndrome.  Plaintiff contends the record in fact contains evidence of objective findings and

9    treatment related to carpal tunnel syndrome, specifically an injection in plaintiff's right hand in

10   January 2013, an electrodiagnostic study in November 2013 showing positive findings in the right

11   hand, as well as pain, wrist tenderness, positive Romberg sign, positive Tinel's sign, sensory loss

12   in three fingers, and positive Phalen's sign, all observed in September 2011.

13                Plaintiff's argument is unpersuasive.  While there is evidence of positive

14   examination findings, as the ALJ observed there are not such findings "in the past few years."

15   Specifically, the court notes the objective findings cited by plaintiff all pre-date the application

16   date.  The ALJ is permitted to give less weight to subjective allegations where they are not

17   supported by recent evidence of objective abnormality.  See 20 C.F.R. § 416.929(c)(2); Morgan

18   v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999).

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

9

# IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (Doc. 13) is denied;

2.  Defendant's motion for summary judgment (Doc. 16) is granted;

3.  The Commissioner's final decision is affirmed; and

4.  The Clerk of the Court is directed to enter judgment and close this file.

Dated:  December 20, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE